Jacqueline R. Papez
Jack G. Connors
DONEY CROWLEY P.C.
Guardian Building, 3rd Floor
50 South Last Chance Gulch
P.O. Box 1185
Helena, MT  59624-1185
Telephone:  (406) 443-2211
Facsimile:   (406) 449-8443
Email:  jpapez@doneylaw.com
          jconnors@doneylaw.com

*Attorneys for Defendant Mary Cameron*

**U.S. DISTRICT COURT FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>Plaintiff,<br><br>vs.<br><br>MARY CAMERON,<br><br>Defendant. | Cause No.:  CV 19-138-BLG-SPW-TJC<br><br>Magistrate Judge: Timothy J. Cavan<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

COMES NOW Defendant Mary Cameron, by and through her undersigned counsel, and submits the following Brief in Support of Motion to Dismiss.

## INTRODUCTION

In the fall of 2019, a frivolous lawsuit was filed against Mary Cameron in a Montana state district court. Even though Ms. Cameron is confident that the case

lacks merit, the costs of defending against the lawsuit could prove financially ruinous to Ms. Cameron. And, if the plaintiff in the underlying matter were to prevail and obtain a judgment against Ms. Cameron, it could bankrupt her. Fortuitously, Ms. Cameron purchased an insurance policy from American Bankers Insurance Company of Florida ("American Bankers") with a personal liability policy limit of $100,000. The policy provides that American Bankers would defend its insured and indemnify Ms. Cameron for covered losses.

Unfortunately, American Bankers does not want to meet its obligations under the policy, and it has now sued Ms. Cameron in federal court.[1] American Bankers' Complaint does not list specific causes of action, but generally asks for the court for two declaratory rulings: (1) to determine that no coverage exists under the policy it sold to Ms. Cameron; and (2) to determine that American Bankers has no duty to defend Ms. Cameron in the pending state court action.

Both this Court and the Montana Supreme Court have made clear that a determination regarding whether an insurance policy provides coverage for a claim, and thus whether the insurance company has a duty to indemnify its insured, is not ripe until the underlying action has been resolved. Since the underlying state court action is ongoing, without even a case schedule having been set, American

---

[1] Unlike in the state court action, American Bankers has refused to provide a defense to its insured in this action and thus Ms. Cameron was forced to retain the undersigned to defend her against her own insurance company at her own expense.

Bankers' first request for relief is not ripe. Because ripeness is a threshold question of this Court's subject matter jurisdiction, the Court does not have jurisdiction at this time to demine whether American Bankers has a duty to indemnify Ms. Cameron.

And, once American Bankers' first request for relief is dismissed, there is not an independent basis for this Court to exercise jurisdiction over the second question regarding the duty to defend. American Bankers has the obligation to plead sufficient facts to establish this Court's jurisdiction. However, in this diversity jurisdiction case, American Bankers did not plead any facts regarding the amount in controversy for its request for relief regarding the duty to defend and, instead, combined the cost with its allegation regarding the potential value of indemnifying Ms. Cameron should a judgment be entered against her in the state court action. Since American Bankers has not pleaded facts sufficient to establish the cost to defend Ms. Cameron in the state court action will exceed $75,000, the Court lacks subject matter jurisdiction over American Bankers' second request for relief once its first request for relief is dismissed as moot.

## STANDARD OF REVIEW

Federal courts lack subject matter jurisdiction to decide an issue which is not "ripe." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010) ("The Article III case or controversy requirement limits federal

courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be 'ripe' for adjudication."). "Like other challenges to a court's subject matter jurisdiction, motions raising the ripeness issue" are properly brought under Fed. R. Civ. P. 12(b)(1). *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the] limited [federal court] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (Citation omitted)).

## UNCONTESTED FACTS

1. American Bankers sold an insurance policy to Ms. Cameron, with a personal liability policy limit of $100,000 per occurrence. Complaint ¶ 3.

2. Ms. Cameron was sued in a Montana State District Court case, and the lawsuit is ongoing. *Id.* at ¶ 4.

3. Ms. Cameron tendered a claim for defense and indemnification of the lawsuit to American Bankers, which has been providing a defense in the underlying litigation subject to a reservation of rights. *Id.* at ¶ 5.

4. American Bankers would like a judicial ruling that it does not have to provide a defense or indemnification to Ms. Camron. *Id.*, *in passim*.

# ANALYSIS

## I. The issue of whether there is coverage for the claims against Cameron is not ripe until the resolution of the underlying state action.

American Bankers' first request for relief asks "[t]hat the Court [to] ascertain, determine, and declare that no coverage exists under the Policy for any and all claims against Cameron as set forth in the Complaint against her in the underlying action." Complaint at 9. However, a request for a determination regarding indemnification under its insurance policy is not ripe at this time and American Bankers' claim should be dismissed.

As this Court has previously held, "[t]he underlying state action must conclude in order for the Court to have the necessary facts to make a determination of [an insurance company's] duty to indemnify [an insured]." *American Reliable Ins. Co. v. Vlieland*, Dist. Court, D. Montana 2018, No. CV 17-100-M-DLC. (March 30, 2018). ("Thus, American Reliable's motion is not ripe for this Court's consideration."); *see also Skinner v. Allstate Ins. Co.*, 2005 MT 323, 329 Mont. 511, 127 P.3d 359, 363) ("[W]here there remain unresolved relevant issues in the underlying case, inseparable from the issues presented in the declaratory judgment action, the duty to indemnify is not ripe for resolution.").

American Bankers is asking this Court to rule on its duty to indemnify Ms. Cameron against a judgment which may or may not occur in the state court

action. While American Bankers would like to rely on the limited facts available at this time, the state court litigation is in its infancy—in fact, no discovery has even been exchanged—and it is thus impossible to predict factual and legal developments that might come to light in that case. Since the issue of whether coverage exists under the Policy depends on the resolution of the underlying state court action, American Bankers' first request for relief should be dismissed for want of ripeness.

## II. American Bankers has failed to establish that the amount in controversy regarding its claim regarding a duty to defend will exceed $75,000.

American Bankers' second request for relief asks the Court to find "American Bankers has no duty to defend . . . Cameron under the Policy against the allegations set forth in the Complaint in the underlying action . . ." Complaint at 9. However, even taking the allegation in the Complaint at face value, American Bankers has not established it is plausible that the cost to American Bankers in *defending* Cameron in the underlying action will exceed $75,000.

American Bankers has asserted that this Court has subject matter jurisdiction over the state law-based claims it has asserted against its insured based on federal court diversity jurisdiction provided for in 28 U.S.C. § 1332(a). To establish subject matter jurisdiction under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties (which is not

disputed in this case); and (2) that the amount in controversy exceeds $75,000. *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). *Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside [the] limited [federal court] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (Citation omitted)).

The Ninth Circuit applies the liberal "legal certainty" test to determine whether a complaint meets § 1332(a)'s amount in controversy requirement. *Naffe*, 789 F.3d at 1039-40 ("Under this test, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'"). However, the "legal certainty" test predates the fundamental change in the federal pleading standards, which occurred in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and the "legal certainty" test must be applied in light of the heightened pleading standards mandated by the U.S. Supreme Court.

"A declaratory judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against a single defendant." *Budget Rent-a-Car,*

*Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997).  But once a claim is dismissed, the dismissed claim can no longer be included to establish the amount in controversy.  *Shanaghan v. Cahill*, 58 F.3d 106, 109-10 (4th Cir.1995); *Stevenson v. Severs*, 158 F.3d 1332, 1334 (D.C.Cir.1998).   While some courts look to the amount in controversy at the time the complaint was filed, *see*, *e.g.*, *Lindsey v. M.A. Zeccola & Sons, Inc.*, 26 F.3d 1236, 1244 n. 10 (3d Cir.1994), given that American Bankers' first request for relief should be dismissed for want of jurisdiction and not the merits of the claim, it would not be appropriate to include the claim in the amount in controversy analysis.

    Instead of addressing the amount in controversy for each of its claims individually, American Bankers combined its two claims and alleges the "defense and indemnification the claims against Cameron in the underlying action . . . has a monetary equivalent in excess of the $75,000 jurisdictional threshold."  Complaint ¶ 8.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  Since American Bankers did not state the anticipated monetary value of providing a defense separately, there is no allegation on the face of the Complaint that it is possible — let alone "plausible" — that the cost of the providing a defense to its insured in the state court action will exceed $75,000.  While the "legal certainty" test generally allows a diverse plaintiff to bring a state

law claim in federal court by merely stating the amount in controversy exceeds $75,000; here, American Bankers failed to allege the monetary value of claim regarding defending Cameron, independent and apart from its claim regarding indemnification. Thus, American Bankers' first claim is dismissed as there is not a specific allegation regarding the likely cost of providing a defense.

Since American Bankers failed to allege the amount in controversy for its duty to defend claim, if the Court dismisses American Bankers' claim regarding indemnification, there is no reason for the Court to assert jurisdiction over the duty to defend. Therefore, American Bankers' second request for relief should be dismissed as well.[2]

## CONCLUSION

Ms. Cameron is in the regrettable position of being the Defendant in two meritless lawsuits. And while Ms. Cameron is willing to defend herself against American Bankers' baseless claims, the claims must be brought at the right time, and before a court that has jurisdiction. It would be a waste of the parties' and the court's time and resources to litigate a claim that is not ripe, because any judgment reached by the Court would be void. Both this Court and the Montana Supreme Court have made it clear that a request for a determination of coverage and

---

[2] American Bankers' third, and final request for relief states "the Court grant such other and further relief as the Court deems just and proper." Since the Court does not have jurisdiction to hear the first two requests for relief, this boilerplate claim should be dismissed as well.

2657.002 - PL 329217   9

indemnification must wait until the underlying litigation is resolved, and thus American Banker's first request for relief must be dismissed.

Moreover, once the indemnification claim is dismissed, the Court should dismiss the duty to defend claim given American Bankers' failure to plead the amount in controversy for the claim, and thus should dismiss this case in full.

DATED this 26th day of February, 2020.

DONEY CROWLEY P.C.

    /s/ *Jack G. Connors*
Jacqueline R. Papez
Jack G. Connors
*Attorneys for Defendant Mary Cameron*
