IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA,<br><br>            Plaintiff,<br><br>vs.<br><br>MARY CAMERON,<br><br>            Defendant. | CV-19-138-BLG-TJC<br><br>**ORDER** |

Plaintiff American Bankers Insurance Company of Florida ("American Bankers") filed this action against Defendant Mary Cameron ("Cameron") seeking declaratory judgment as to its duty to defend and indemnify Cameron in relation to an underlying state court action.  (Doc. 1.)

Presently before the Court is Cameron's Motion to Dismiss.  (Doc. 5.) Cameron moves to dismiss American Bankers' claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

The motion is fully briefed and ripe for the Court's review.  (Docs. 5, 11, 14.)  For the following reasons, Cameron's motion is **DENIED**.

/ / /

/ / /

## I.    BACKGROUND

Cameron resides in Carbon County, Montana, and is a member of the City Council for the town of Red Lodge.  Cameron purchased a renter's policy, Policy No. 9053586 ("Policy") with a personal liability policy limit of $100,000 per occurrence from American Bankers effective August 7, 2019 to August 7, 2020. (Doc. 1 at ¶3.)  On October 17, 2019, Cameron was named as defendant in a lawsuit entitled *Rebecca Narmore v. Mary Cameron*, Carbon County District Court, Cause No. DV-19-98 (the "Underlying Action").  (*Id.* At ¶ 4.)  The Underlying Action asserts claims against Cameron for defamation by libel and intentional infliction of emotional distress.  (*Id.* at ¶ 14.)  The claims are based on the alleged dissemination of false statements on Facebook.

Cameron tendered to American Bankers the defense and indemnification of the complaint in the Underlying Action.  (*Id.* at ¶ 5.)  American Bankers agreed to share in Cameron's defense with the Montana Municipal Insurance Authority, subject to a reservation of rights.  (*Id.*)  According to the parties, the Underlying Action remains pending.

On December 11, 2019, American Bankers filed this action seeking a declaration that no coverage exists under the Policy for any of the claims asserted against Cameron in the Underlying Action.  American Bankers specifically asks

the Court to declare that it has no duty to defend or to indemnify Cameron against the allegations in the Underlying Action.  (*Id.* at 9-10.)

American Bankers alleges that the Court has jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.  (*Id.* at ¶ 6.)  American Bankers measures the amount in controversy by the value of the object of the litigation—the defense and indemnification of the claims against Cameron in the Underlying Action, including attorney's fees incurred in Cameron's defense and any claimed obligation to indemnify her.  (*Id.* at ¶¶ 7-9.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction.  A defendant may challenge the plaintiff's jurisdictional allegations under Rule 12(b)(1) in one of two ways: "as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations." *Atlantic Richfield Co. v. Christian*, 2016 WL 8677253, *3 (D. Mont. July 8, 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for*

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Cameron has asserted a facial challenge here.

A facial attack is resolved in the same manner as a motion to dismiss under Rule 12(b)(6).  The court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations are sufficient to invoke the court's jurisdiction.  *Leite,* 749 F.3d at 1121.

## III.   DISCUSSION

Cameron moves to dismiss for lack of subject matter jurisdiction on two grounds.  First, Cameron argues American Bankers' claim for declaratory judgment with respect to its duty to indemnify is not ripe because the Underlying Action is unresolved.  Second, Cameron asserts that without the indemnity claim, American Bankers cannot establish that the amount in controversy is met.

### A.   Duty to Indemnify

An insurer's duty to defend is independent from and broader than its duty to indemnify.  *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004).  The duty to defend arises "when a complaint against an insured alleges facts, which if proven, would result in coverage."  *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 410-11 (Mont. 2013).  Whereas, the duty to indemnify "arises only if coverage under the policy is actually established."  *Id.*  As a result,

4

"courts must caution against determining questions of indemnity until liability is established in the underlying proceeding." *Am. Reliable Ins. Co. v. Vlieland*, 2018 WL 1582551, *3 (D. Mont. March 30, 2018).

Federal courts lack subject matter jurisdiction to decide issues which are not ripe. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010.) Generally, a claim for declaratory judgment regarding an insurer's duty to indemnify is not ripe until there has been a resolution of the underlying claim. *See e.g. Am. Reliable Ins.*, 2018 WL 1582551 at *3 (finding insurer's motion for summary judgment was "not ripe and justiciable regarding its duty to indemnify" because the underlying state court matter was unresolved); *Nat'l Surety Corp. v. Mack*, 2016 WL 590453, *2 (D. Mont. Feb. 11, 2016) ("Courts must refrain from deciding questions of indemnity until liability is established in the underlying proceeding."); *Yellowstone Dev., LLC v. United Fire & Cas. Co.*, 2011 WL 13077970, *2 (D. Mont. Aug. 11, 2011) (finding claim for declaratory judgment concerning insurer's duty to indemnify was not ripe where the underlying claim remained pending); *Skinner v. Allstate Ins. Co.*, 127 P.3d 359, 363 (Mont. 2005).

Nevertheless, because the duty to defend is more extensive than the duty to indemnify, it is possible for the issue of the duty to defend to resolve a premature indemnity issue. The Montana Supreme Court has explained that "[w]here there is no duty to defend, it follows that there can be no duty to indemnify." *Skinner*, 127

5

P.3d at 364.  Thus, "a finding that there is no duty to defend necessarily compels the finding that there is no duty to indemnify." *Mack*, 2016 WL 590453 at *2.  If, however, the Court finds there is a duty to defend, "the duty to indemnify must be determined after the underlying proceeding is concluded." *Id.*

Here, it appears the Underlying Action remains pending.  As a result, the issue of American Bankers' duty to indemnify Cameron is not ripe.  When a premature duty to indemnify claim is joined with a ripe duty to defend claim, courts have two options: (1) stay the indemnity issue, or (2) dismiss the indemnity claim without prejudice.  Many courts, including those in this district, favor the first approach.  *See e.g. Mack*, 2016 WL 590453 at *2 (staying the proceedings on an insurer's duty to indemnify, and permitting the insurer to move for summary judgment on the issue of the duty to defend); *Nautilus Ins. Co. v. A.J. Cardinal Group, LLC*, 2019 WL 5188233, *1 (M.D. Fla. Feb. 13, 2019) (denying motion to dismiss an unripe duty to indemnify claim, but declining to decide the indemnity issue until the earlier of the final disposition of the underlying action or a ruling on the insurer's duty to defend); *Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.*, 2017 WL 5643298, at *5 (S.D. Fla. Feb. 21, 2017) ("Where a premature request for declaratory relief regarding the duty to indemnify is joined to a ripe request for declaratory relief regarding the duty to defend, a well-accepted practice is to retain jurisdiction over the latter request and stay, but not dismiss, the premature

6

request."); *Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC*, 2015 WL 11455589, *5 (N.D. Ga. Nov. 4, 2015) (staying the insurer's unripe duty to indemnify claim until the court's resolution of the duty to defend claim); *Allstate Indemn. Co. v. Berrey*, 2015 WL 6869980, *2 (N.D. Ala. Nov. 9, 2015) (declining to dismiss unripe duty to indemnify claim, and instead staying the issue); *but see Twin City Fire Ins. Co. v. Law Office of John S. Xydakis, P.C.*, 407 F.Supp.3d 771, 777 (N.D. Ill. 2019) (dismissing premature claim regarding duty to indemnify without prejudice).

The Court is persuaded the first approach is appropriate here.  American Bankers followed the course of action recommended by the Montana Supreme Court to defend under a reservation of rights and file a declaratory judgment action to resolve the coverage question.  *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 415 (Mont. 2013).  The Court therefore finds the interests of judicial economy and efficiency support staying the indemnity claim, pending either disposition of the Underlying Action or resolution of the duty to defend claim, whichever occurs first.

## B.    Amount in Controversy

Cameron argues that because the duty to indemnify claim is not ripe it cannot be considered in determining the amount in controversy, and that American

Bankers has failed to establish that the duty to defend claim alone meets the jurisdictional threshold.   Cameron's argument is unavailing.

The amount in controversy is determined from the face of the pleadings as of the time of filing or removal.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010); *Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999).  "A declaratory judgment plaintiff may reach the jurisdictional amount by aggregating its multiple claims against a single defendant."  *Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471 (9th Cir. 1997).  "Where an insurer is contesting both its duty to defend and its duty to indemnify the insured, the amount in controversy is the sum of the expense of providing a legal defense plus the value of the claim in the underlying suit." *Society Ins. v. J.C. Builders, Inc.*, 2011 WL 766969, *1 (N.D. Ind. Feb. 25, 2011).

A "subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (citing *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).)  *See also Hill*, 179 F.3d at 757 (holding a

federal court is not divested of jurisdiction if the amount in controversy subsequently drops below the minimum jurisdictional level).[1]

Further, although the indemnity claim is stayed, the cost of potential indemnification is still counted toward the amount in controversy.  As the Seventh Circuit has noted, "[m]any decisions in this and other circuits count the potential outlay for indemnity toward the amount in controversy, whether or not adjudication about indemnity should be deferred until the state case is over." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006) (collecting cases).  *See e.g. Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F.Supp.3d 1014, 1019 (N.D. Ill. 2015) ("[B]oth the cost of providing a defense and the potential cost of indemnifying [the insured] count toward the amount in controversy.  This remains the case even where—as here—the underlying lawsuit remains pending.").  This is because "[t]he amount in controversy is not a prospective assessment of a defendant's liability.  Rather, it is the amount at stake

---

[1] The cases cited by Cameron also do not compel dismissal when the amount in controversy subsequently drops below the jurisdictional threshold.  Rather, the cases hold the Court has discretion to retain jurisdiction.  *See Stevenson v. Severs, III*, 158 F.3d 1332, 1334 (D.C. Cir. 1998) (holding the district court had discretion whether to retain supplemental jurisdiction over a remaining claim that fell below the jurisdictional threshold); *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995) ("[I]f some event subsequent to the complaint reduces the amount in controversy, such as the dismissal of one count based on the defendant's answer, the court must then decide in its discretion whether to retain jurisdiction over the remainder of the case.").

in the underlying litigation." *Chavez*, 888 F.3d at 417 (internal citations and alterations omitted).  Thus, the potential cost of indemnification was put in controversy as soon as American Bankers brought this declaratory judgment against Cameron.

Here, American Bankers alleges the value of the defense and indemnification of the claims against Cameron in the Underlying Action exceeds $75,000.  (Doc. 1 at ¶ 8.)  A party need not "prove to a legal certainty that the amount in controversy requirement has been met."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014).  The sum claimed by the plaintiff controls if it is made in good faith.  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).  "To justify dismissal, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Id.* (citing *St. Paul Mercury*, 303 U.S. at 288.)

Cameron does not argue that American Bankers' invocation of federal diversity jurisdiction was in bad faith.  She also has not shown to a legal certainty that the cost to defend and indemnify her falls below $75,000.  Therefore, the amount in controversy is satisfied, regardless of whether adjudication of the indemnity claim is deferred.

/ / /

/ / /

## IV.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1.      Cameron's Motion to Dismiss (Doc. 5) is **DENIED**;

2.      American Bankers' duty to indemnify claim is **STAYED** until the

earlier of (a) final disposition of the Underlying Action; or (b) a ruling on the duty

to defend.

DATED this 22nd day of September, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

11